# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE DEANGELO LOFTIS, | Case No.  1:23-cv 1149 KES BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| DUSTIN WHITE, *et al.*, | (ECF No. 14) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Marquise Deangelo Loftis ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court screened Plaintiff's complaint, and Plaintiff was granted leave to file a first amended complaint or notify the court of his willingness to proceed on cognizable claims.  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 14.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

1

true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is out of custody. Plaintiff alleges the events in the complaint occurred while he was housed in California State Prison in Corcoran, California ("Corcoran"). Plaintiff names as defendants: (1) Dustin White, correctional officer, (2) Y. Acosta, correctional officer, (3) A. Rocha, correctional officer, (4) R. Hernandez, correctional officer, (5) E. Magallanes, Lieutenant, (6) P. Herleman, Sergeant, (7) T. Chao, correctional officer, (8) Moreno, correctional officer, and (9) A. Rodriguez, psychiatric technician.

In claims 1 and 2, Plaintiff alleges excessive force in violation of the Eighth Amendment. In claim 3, Plaintiff alleges a violation of the Eighth Amendment regarding medical care. As injuries, Plaintiff alleges physical injuries and mental and emotional damages. Plaintiff seeks compensatory and punitive damages.

All claims arise from the following facts. On November 4, 2019, Plaintiff was locked in his cell having a mental health crisis. Plaintiff attempted suicide by hanging. While Plaintiff was hanging, Defendant White opened the tray slot on the door and without provocation or warning began dousing Plaintiff with an excessive amount of pepper spray. Plaintiff never acted threateningly towards White or any other officer and was locked in the cell by himself and was not a threat. There was no penological reason for White to pepper spray Plaintiff.

Plaintiff went to the tray slot, stuck his hands out, and allowed White to handcuffed him. Once the handcuffs were on, White had the cell door opened and pushed Plaintiff to the ground of the cell, jumped on top of Plaintiff, put his knee on Plaintiff's neck and began bouncing up and

2

down with his full weight, causing severe pain and suffocation.

White picked up Plaintiff from the ground and took him outside of the cell. Acosta, Rocha, and Hernandez were waiting. Without provocation, Acosta placed Plaintiff in a headlock, Rocha grabbed plaintiff's left arm, and they all rammed Plaintiff head first into a wall, and then body slammed him to the ground. Hernandez jumped on his back and dug his knee in.  White, Acosta, Rocha, and Hernandez continued their force by kneeing and punching Plaintiff on the sides of his face, head, and both sides of his body causing severe injury to Plaintiff.

Moreno, Hernandez, and Acosta used more unnecessary force. Specifically, Moreno and Hernandez picked Plaintiff up from the ground and without justification, Moreno punched Plaintiff several times in the face. Moreno, Hernandez, and Acosta arm-barred Plaintiff, and drug Plaintiff down a flight of stairs, rammed him into a door frame, and then rammed him into a holding cage.

Chao failed to intervene to stop the excessive force.  He was present from the first act of excessive force, when White unnecessarily pepper sprayed Plaintiff, and he watched White handcuff Plaintiff and opened the cell door for White to attack Plaintiff while in restraints and not resisting.  Chao stood by while White, Acosta, Rocha, and Hernandez beat Plaintiff out in the open on the tier.  Chao stood by watching as Moreno, Hernandez, and Acosta use excessive force over a 15 minute period.  He did not intervene even though he had the means and time to do so.

Herleman failed to intervene to stop the excessive force.  He was present from the first act of excessive force, when White unnecessarily pepper sprayed Plaintiff.  He watched White assault Plaintiff while in handcuffs and not resisting.  Herleman stood by while White, Acosta, Rocha, and Hernandez beat Plaintiff out on the open tier.  Herlemen stood by watching as Moreno, Hernandez, and Acosta used excessive force over a 15 minute time period.  Herleman had several opportunities to stop the abuse but refused to do so.

Magallanes failed to intervene to stop the excessive force.  He was present from the first act of excessive force when White unnecessarily pepper sprayed Plaintiff and watched White assault Plaintiff while in handcuffs and not resisting.  Magallanes stood by while White, Acosta, Rocha, and Hernandez beat Plaintiff out on the open tier.  Magallanes stood by watching as

3

Moreno, Hernandez and Acosta used excessive force over a 15 minute time period. "Herleman"[1] had several opportunities to stop the abuse but refused to do so.

Rodriguez refused to allow Plaintiff to wash off the pepper spray that White gassed him with. Rodriguez falsely claimed that he offered Plaintiff a chance to decontaminate but Plaintiff refused. Plaintiff was forced to suffer severe burning and pain for approximately fifteen hours before he was offered the chance to decontaminate.

**III.    Discussion**

**Eight Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986) ). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution

---

[1] This reference to Defendant Herleman appears to be a typographical error as the allegations of the paragraph refer to Defendant Magallanes. (ECF No. 14 at 9.)

4

provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable claim for excessive force against Defendants White, Acosta, Rocha, Moreno, and Hernandez.

**Eight Amendment – Failure to Protect**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farm*er, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Liberally construing the allegations, Plaintiff states a claim against Defendants Chao, Magallanes, and Herleman that each could see Plaintiff being beaten and were in a location and position where each could have stopped the beating.

**Eighth Amendment – Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.  In applying this

standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Liberally construing the allegations, Plaintiff states a claim against Defendant A. Rodriguez for failing to allow Plaintiff to wash off the pepper spray.

**False Reports**

To the extent Plaintiff alleges that any defendant falsified chronos or disciplinary reports against Plaintiff, he cannot state a claim.

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).

**IV.    Conclusion**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants Dustin White, Y. Acosta, A. Rocha, R. Hernandez, and Moreno for excessive force, against Defendants T. Chao, E. Magallanes, and P. Herleman for failure to protect, and against in A. Rodriguez for deliberate indifference of medical need, all in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendant.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on December 18, 2025, against Defendants Dustin White, Y. Acosta, A. Rocha, R. Hernandez, and Moreno for excessive force, against Defendants T. Chao, E. Magallanes, and P.

Herleman for failure to protect, and against in A. Rodriguez for deliberate indifference of medical need, in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 24, 2026**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE

7